IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACQUELINE TALBOT,

    Plaintiff,

v.

NANCY A. BERRYHILL,[1]

    Defendant.

CIVIL ACTION
NO. 17-3919

**OPINION**

**Slomsky, J.**                                                                                                           **July 24, 2018**

## I.  INTRODUCTION

Before the Court is the Objection of Defendant Nancy A. Berryhill, Acting Commissioner of the United States Social Security Administration ("SSA"), to the Report and Recommendation of United States Magistrate Judge Marilyn Heffley. (Doc. No. 15.) On August 31, 2017, Plaintiff Jacqueline Marie Talbot filed a Complaint against Defendant seeking review of Defendant's final decision denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 3.) On January 16, 2018, the Court referred the matter to Magistrate Judge Heffley for a Report and Recommendation ("R&R"). (Doc. No. 13.) On May 30, 2018, Magistrate Judge Heffley filed the R&R, recommending that Plaintiff's request for review be granted and that the case be

---

[1] Nancy A. Berryhill is the acting Commissioner of the Social Security Administration. Pursuant to Rule 24(d) of the Federal Rules of Civil Procedure, Berryhill replaces Carolyn W. Colvin as Defendant in this case and no further action is needed to meet the requirement of the final sentence of 42 U.S.C. § 405(g) which states:

> Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

1

remanded to Defendant solely for the calculation of benefits. (Doc. No. 14.) On June 13, 2018, Defendant filed an Objection to the R&R. (Doc. No. 15.) On June 25, 2018, Plaintiff filed a Response to Defendant's Objection (Doc. No. 17), to which Defendant filed a Sur-Reply (Doc. No. 18.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the R&R to which an Objection has been made. After an independent review of the Administrative Record ("Record") and for reasons that follow, the Court will adopt and approve the R&R (Doc. No. 14) in its entirety and remand the case to the Commissioner of Social Security.

## II. BACKGROUND

### A. Factual and Procedural History

Plaintiff Jacqueline Marie Talbot was born on September 2, 1964. (Administrative Record ("R.") at 180.) Plaintiff has a high school education and completed two years of college. (R. at 185.) She previously worked as a mortgage review analyst. (R. at 33, 185.)

On January 8, 2014, Plaintiff applied for SSI and Disability Insurance Benefits ("DIB"). (R. at 161, 170.) She claims that beginning on May 1, 2011, she became unable to work due to the following list of conditions: severe depression; type 2 diabetes; asthma; chronic obstructive pulmonary disorder; arthritis in both legs and hands; cancer; and "thyroid."[2] (R. at 161, 184.) On January 20, 2016, Plaintiff amended her alleged onset date to April 10, 2012, the date when

---

[2] This information is from a section in the application for disability insurance benefits requesting an applicant to name "all of the physical or mental conditions . . . that limit your ability to work. If you have cancer, please include the stage and type." (R. at 184.) Plaintiff states "arthritis in both legs and hand" but due to the form's fixed width, the Court will construe this to read "arthritis in both legs and hands." Furthermore, Plaintiff lists "cancer; thyroid" as two separate conditions without clarification. The Court will construe these conditions separately, noting Plaintiff has an unspecified type of cancer and a thyroid condition.

2

she was diagnosed with anal cancer. (R. at 46, 225.) Thus, April 10, 2012 is considered Plaintiff's alleged onset date.

On February 28, 2014, the SSA denied Plaintiff's SSI and DIB claims, and Plaintiff requested a hearing. (R. at 40, 90.) On January 21, 2016, an administrative hearing was held before Administrative Law Judge Emily Ruth Statum ("ALJ"). (R. at 40.) Plaintiff was represented by a non-attorney representative[3] and a vocational expert testified at the hearing. (Id.) In addition to hearing testimony, the ALJ considered Plaintiff's medical records. (R. at 38-39.) On April 13, 2016, the ALJ upheld the denial of Plaintiff's application, finding that Plaintiff was not disabled. (R. at 18-35.) Specifically the ALJ stated:

> Thus, [Plaintiff] must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits. After careful consideration of all the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act from April 10, 2012, through the date of this decision.

(R. at 21.)

Subsequently, Plaintiff filed an appeal of the ALJ's decision to the Appeals Council of the SSA, which also denied her request for review. (R. at 1-4.)

On August 31, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Doc. No. 3.) On January 16, 2018, the Court referred the matter to Magistrate Judge Heffley for an R&R. (Doc. No. 13.) On May 30, 2018, Magistrate Judge Heffley filed the R&R, recommending that Plaintiff's request for review be granted and that the case be remanded to Defendant for solely for the calculation of benefits.

---

[3] On June 2, 2017, Plaintiff's non-attorney representative filed a notice to the Appeals Council of the SSA that he had withdrawn his representation of Plaintiff regarding her Titles II and XVI claims. (R. at 7.)

(Doc. No. 14.) On June 13, 2018, Defendant filed an Objection to the R&R, which is now ripe for a decision. (Doc. No. 15.)

### B. Relevant SSA Regulations

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the SSA uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age,[4] education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

§ 404.1520(a)(4)(i)-(v).

## III.  STANDARD OF REVIEW

When reviewing a final decision of the Commissioner, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); see also 42 U.S.C. § 405(b)(1).[5] An ALJ must consider, evaluate, and refer to specific

---

[4]  According to the pertinent regulations,

"Age" means your chronological age. When we decide whether you are disabled under § 404.1520(g)(1), we will consider your chronological age in combination with your residual functional capacity, education, and work experience. We will not consider your ability to adjust to other work on the basis of your age alone. In determining the extent to which age affects a person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment . . . .

C.F.R. § 404.1563(a).

[5]  Section 405(b)(1) provides in relevant part:

The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this

medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as her finding of fact. Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the ALJ unless the ALJ's finding is not supported by substantial evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986).

## IV. ANALYSIS

### A. Review of the ALJ's Decision

The ALJ found Plaintiff to have a residual functional capacity ("RFC") to perform light work but limited to "standing or walking for a total of two hours" in an eight-hour workday. (R. at 26 ¶ 5) (emphasis added). According to Social Security regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b).

The Commissioner of the SSA, however, has interpreted "a good deal of walking or standing" in this context as meaning six hours standing or walking in an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5 (emphasis added). Thus, the definition of light work and Plaintiff's RFC are conflicting.

---

> subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based . . . .

42 U.S.C. § 405(b)(1).

In the R&R, the Magistrate Judge recognized this discrepancy and noted that if "a claimant with [Plaintiff's] vocational factors (age 50-54 with at least a high school degree, whose skills from previous work are not transferable) is found able to perform light work, then the grids[6] direct that the claimant be found not disabled." (Doc. No. 14 at 7.) Thus, the crux of Plaintiff's case was whether she was able to perform light work. (Id.)

The Magistrate Judge also acknowledged that, because Plaintiff was fifty-one years old at the time the ALJ issued her opinion, Plaintiff's claim must be analyzed using the grid for persons "closely approaching advanced age." According to SSA regulations, "closely approaching advanced age" refers to a claimant who is between the ages of fifty and fifty-four. 20 C.F.R. § 404.1563(d).

The Magistrate Judge concluded that the ALJ erroneously decided that Plaintiff was capable of performing light work because the vocational expert's testimony failed to supply substantial evidence to support such a finding.[7] (Doc. 14 at 22.) Because of this error, the ALJ

---

[6] The "grid" refers to the Medical-Vocational Guidelines contained in the SSA's regulations. Campbell v. Astrue, No. 09-5356, 2010 WL 4689521, at *4 (E.D. Pa. Nov. 2, 2010). These guidelines were promulgated by the Department of Health and Human Services. Santise v. Schweiker, 676 F.2d 925, 926 (3d Cir. 1982). As explained in Campbell:

> The grids contain numbered rules within tables that provide short-hand conclusions of "disabled" or "not disabled" at Step Five based upon the claimant's vocational factors (age, education, and work experience), coupled with a specific RFC (sedentary, light, medium, heavy, or very heavy work).

Id.

[7] The ALJ found Plaintiff to have an RFC to perform light work but limited to "standing or walking for a total of <u>two hours</u>" in an eight-hour workday. (R. at 26 ¶ 5) (emphasis added). According to Social Security regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking

7

improperly evaluated Plaintiff's application by considering only the grid rules applicable to light work, instead of sedentary work. (Id.) She recommended that Plaintiff be awarded benefits and that the matter be remanded to the Commissioner solely for the purpose of calculating benefits. (Doc. No. 14.)

   B.   **Defendant's Objection to the R&R**

Defendant makes only one Objection to the R&R. While Defendant agrees with the Magistrate Judge that "the ALJ was required to apply the grid rules for persons from age 50-54 to [Plaintiff's] claim" (Id. at 23), she notes, however, that the Magistrate Judge failed to "clarify that such application of that age category can only occur as of September 2, 2014," the date upon which Plaintiff turned 50 years old." (Doc. No. 15 at 1.) Accordingly, Defendant requests this Court to issue an Order specifying that "the grid rule applies to Plaintiff's claim 'from the date that she turned age 50 in 2014' and not before." (Id. at 1-2.)

In response, Plaintiff argues that on remand, the ALJ should calculate her benefits "no later than her 50th birthday or up to a few months prior pursuant to application of the borderline age analysis." (Doc. No. 17.) Plaintiff requests the Court to "carefully scrutinize the evidence to see if Plaintiff fits into the borderline situation prior to turning 50 years of age."[8] (Id. at 3.) Defendant contends that such analysis is not required in this case because "Plaintiff was not 'a

---

   or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b).

[8]  In her Response to Defendant's Objection to the R&R, Plaintiff also "suggests a remand for the ALJ to explicitly discuss the impact of obesity on Plaintiff's ability to work at step five." (Doc. No. 17 at 3.) The Magistrate Judge did not address this issue because she already found Plaintiff to be disabled and that she should be awarded benefits. (Doc. No. 14 at 26.) The Court agrees with the Magistrate Judge that this issue does not need to be raised on remand as Plaintiff.

few days to a few months of reaching an age that would trigger application of a favorable [] GRID rule' until September 2, 2014" and accordingly was not of a "borderline age." (Doc. No. 18 at 1.)

### 1. The ALJ Must Determine Whether Plaintiff Was Within a "Borderline Age" Category

Because the ALJ failed to consider whether Plaintiff's age was "borderline" under 20 C.F.R. § 404.1563(b), this case will be remanded for this determination and to calculate benefits.

As explained supra, age is considered at the fifth and final step when evaluating a disability, in tandem with the claimant's RFC, education, and work experience. § 404.1520(a)(4)(v).[9] If the claimant is 50 to 54 years of age, he or she is considered to be "closely approaching advanced age" and the ALJ is instructed to "consider whether the claimant's age, along with any severe impairments and limited work experience, may seriously affect his or her ability to adjust to other work." SSA Program Operations Manual System, POMS DI 25015.005 (citing 20 C.F.R. § 404.1561, § 416.963, SSR 03-3p). If a person is under age 50, she is considered to be a "younger person." 20 C.F.R. § 404.1563(c). These age categories, however, are not to be applied "mechanically in a borderline [age] situation." Santise v. Schweiker, 676 F.2d 925 n.4 (3d Cir. 1982) (citing 20 C.F.R. § 404.1563(a)). According to the SSA, "borderline age" refers the following scenario:

> If a claimant is within a few days to a few months[10] of reaching a higher age category and using the chronological age results in a denial, consider using the

---

[9] "[A]ge is calculated at the time when the decision as to whether a claimant is disabled . . . is rendered." Knoblauch v. Colvin, No. 3:13-CV-025980GBC, 2015 WL 1471564, at *9 (M.D. Pa. Mar. 31, 2015) (citing 20 C.F.R. § 404.1563(a)).

[10] The SSA Program Operations Manual System (POMS) provides guidance on how the SSA interprets the phrase, "within a few days to a few months":

> We do not have a more precise programmatic definition for the phrase "within a few days to a few months." We define the term "a few" using its ordinary

9

higher age category if it results in a favorable determination, after you evaluate <u>all</u> factors (residual functional capacity (RFC), age, education, and work experience) of the claim.

POMS DI 25015.006 (citing 20 C.F.R. 404.1563, 416.963) (emphasis in original).

In the instant action, it is undisputed that Plaintiff was born on September 2, 1964. (R. at 180.) The ALJ noted that Plaintiff was 47 years on the date her disability began, April 10, 2012, and that she subsequently changed her age category to "closely approaching advanced age." (R. at 33 ¶ 7.) On the date of the ALJ's opinion, Plaintiff was 51 years old, which is well within the "closely approaching advanced age" group. The ALJ did not undertake a borderline age situation analysis. The Magistrate Judge found that Plaintiff turned 50 years old on September 2, 2014, while her application was still pending. (Doc. No. 14 at 23.) Thus, the Magistrate Judge correctly concluded that the ALJ was required to apply the grid rules for persons "closely approaching advanced age." (<u>Id.</u>)

In situations where "a borderline age situation is present and the ALJ does not address section 416.963(b) (or its disability insurance benefits corollary, section 404.1563(b)) in his or her decision, a remand is necessary for further consideration." <u>Autry v. Astrue</u>, Civ. A. No. 09-3726, 2010 WL 4269610, at *2 (E.D. Pa. Oct. 27, 2010) (citing <u>Kane v. Heckler</u>, 776 F.2d 1130, 1133-34 (3d Cir. 1985); <u>Lucas v. Barnhart</u>, 184 F. App'x 204, 206-08 (3d Cir. 2006)). In this case, neither the ALJ nor the Magistrate Judge addressed whether a borderline age scenario exists.

Courts in this Circuit have held that "no bright-line rule for determining what constitutes a borderline age" exists. <u>Brown v. Astrue</u>, Civ. A. No. 11-3251, 2012 WL 1555426, at *3

---

meaning, a small number. Consider a few days to a few months to mean a period not to exceed six months.

POMS DI 25015.006.

(E.D.Pa. 2012) (citing Ludvico v. Astrue, Civ. A. No. 08-332, 2008 WL 5134938, at *11 (W.D. Pa. Dec. 5, 2008)). Despite the SSA guidance indicating that borderline age scenarios are triggered when a claimant is less than six months of reaching a higher age category, see POMS DI 25015.006(B), in Lucas v. Barnhart, the Court of Appeals for the Third Circuit held that 106 days was "within a few months" and warranted a borderline age determination. 184 F. App'x 204, 207 (3d Cir. 2006). Given that "a District Court has no fact-finding role in reviewing social security disability cases," Zied v. Astrue, 347 F. App'x 862, 865 (3d Cir. 2009), this case will be remanded for further proceedings on the borderline age issue in its calculation of benefits.

## V.  CONCLUSION

Defendant's Objection to the R&R is overruled. The Report and Recommendation (Doc. No. 14) is approved and adopted in its entirety. An appropriate Order follows.